FILED
U.S. DISTRICT COURT
DIV.
2012 NOV -5 AM 11: 39
CLERK R Clerk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL P. HARGROVE,

    Plaintiff,

v.      CIVIL ACTION NO.: CV512-115

Cert Officer S. BRADY and
Cert Officer WATERS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Hargrove v. Roberts, et al., 5:09-cv-251 (M.D. Ga. July 23, 2009) (dismissed as frivolous); (2) Hargrove v. United States of America Corp., et al., 5:11-cv-349 (M.D. Ga. Sept. 28, 2011) (dismissed as frivolous); and (3) Hargrove v. United States of America Corp., et al., No. 11-14720 (11th Cir. Mar. 29, 2012) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the

AO 72A
(Rev. 8/82)

past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff contends that Defendants Brady and Waters approached him on September 20, 2012, and took him to segregation. Plaintiff asserts that Defendants Brady and Waters handcuffed him, and, while he was handcuffed, Defendants slammed his face into a wall. Plaintiff also asserts that he was sprayed with mace by each Defendant and "left for dead[.]" (Doc. No. 1, p. 5).

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on October 15, 2012. The Court **VACATES** its October 16, 2012, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 5th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)